### In the CASE of SAMUEL FORTNER, an insolvent.

The act of 1832, directing the discharge of imprisoned debtors after *five* days unless, &c. is *cumulative,* and the right to a discharge under it may be *waived* by the debtor applying for the benefit of the general insolvent law.

Time is generally computed by *excluding* the first, and *including* the last day : the act of 1832 requires *both* days to be included.

THE petitioner was imprisoned by an execution creditor on *Monday* the 22d of October, and filed his petition on the same day to be discharged under the insolvent laws ; a summons issued for his creditors, returnable on *Saturday* the 27th ; and, at the hearing, the question arose whether the prisoner was not already discharged by lapse of time and the operation of the act of 1832 ; and, if so, whether

the court could now proceed to discharge him under the general insolvent law.

The act of 1832 provides that no person imprisoned by virtue of execution process, shall be detained or kept in prison by virtue thereof longer than *five* days from the date of such commitment inclusive, unless fraud be alledged, or recognizance entered into, &c. &c. 8 *Del. Laws,* 178.

It was suggested on the one hand, that the petitioner was no longer a prisoner, and that it was an absurdity in terms to *discharge* him, when he was already free to go where he pleased; and *Seal's* case was referred to as showing that the court would not entertain a petition for the benefit of the insolvent law, unless the petitioner was actually in prison. 1 *Harr. Rep.* 347.

On the other hand it was said, that the benefit of the *five* day act might be waived for the purpose of a discharge under the insolvent law; that the general insolvent law gives the court jurisdiction of the case, the petitioner being in prison at the time of filing his petition, and it would be absurd to say that the same law which gives jurisdiction, takes it away whilst in the very exercise of it; that the construction of the other side would virtually repeal the insolvent law, and put it in the power of creditors, by combining together, to keep a debtor in jail indefinitely by successive terms of *five* days, without giving the security which the law requires, and without any relief for the debtor; and that in any case, unless a petitioner could get his summons served within the five days from his imprisonment, he could not have the benefit of the insolvent law.

It was a question also, how the time should be computed.

*The Court* said that generally, in computing time, the first day should be *excluded,* and the last *included;* but this was not a universal rule at common law, much less under statutory provisions, where these questions generally arose, and where the mode of computation was generally to be collected from the terms of the act.

The act of 1832 leaves no room for doubt as to this point, for it requires, in express terms, that the day of commitment shall be *included* in computing the five days. The time, therefore, expired yesterday.

But it does not follow that this petitioner is therefore deprived of the benefit of the general insolvent law, nor that the jurisdiction of this court over his case is necessarily ousted by this lapse of time. The act of 1832 is a cumulative act; it was designed for the benefit of the insolvent, and also for protection to the county, a benefit which he may waive for the purpose of more effectual relief, and a more general discharge. These acts being in pari materia, must be con-

strued so as to harmonize with each other; and if this cannot be done the particular law, instead of indirectly repealing the whole system, ought to yield to it. The general law enables the honest debtor, by a full surrender of his property, to be relieved from harrassing imprisonment by any of his creditors; the particular law requires that he shall not be detained in prison even for more than *five* days, unless at the expense of his imprisoning creditor, or unless fraud be alledged against him. This is for the benefit of the debtor; but if by the construction contended for it should be allowed to deprive him of the more substantial remedy under the general law, it would be a serious injury, instead of a benefit to him. The spirit of both laws may be harmonized and effect given to both by regarding the petition for relief under the general insolvent law, as a waiver on the debtor's part of the benefit of the act of 1832. This is not only a reasonable but a necessary construction; otherwise, the provisions of the particular act would in effect repeal the general law, defeat the insolvent's own petition, enable his creditors one after another to throw him into prison, without even alledging any thing fraudulent against him, and take away from this court the cognizance of insolvent cases whilst they were in the very act of exercising the jurisdiction expressly given by law.

We will proceed with the hearing, and allow the petitioner the benefit of the general insolvent law, on his complying with its requisitions.